UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FARHAN M. ABDI, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| v. | ) | 2:20-cv-00378-NT |
| SHELDON TEPLER, | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Plaintiff seeks to recover damages as the result of the substandard performance by Defendant, his former attorney, during Defendant's representation of Plaintiff on a personal injury claim. (Complaint, ECF No. 1.) Defendant has moved to dismiss Plaintiff's complaint. (Motion, ECF No. 20.) Defendant contends Plaintiff has failed to establish this Court's subject matter jurisdiction over the claim, has failed to serve Defendant properly with the complaint and summons, and has failed to assert an actionable claim.

After review of the motion and the parties' related submissions, I recommend the Court deny the motion to dismiss, allow Plaintiff time to serve Defendant properly, and order further proceedings on the jurisdictional issue.

**FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff's complaint, including the attached exhibit, and Plaintiff's subsequent submissions. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including [the] response to the

motion to dismiss, to understand the nature and basis of [his] claims'" (quoting *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)). A plaintiff's factual allegations are generally deemed true when evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)).

Plaintiff alleges that Defendant, an attorney, represented him in connection with injuries he sustained as the result of an incident that occurred while Plaintiff was working at the airport in Portland, Maine. Plaintiff asserts that after the parties agreed to settle the claim, Defendant altered some of the settlement terms without consulting or informing him and failed to represent his claim accurately to the court.

## DISCUSSION

### A. Subject Matter Jurisdiction

Defendant argues that Plaintiff has failed to establish that this Court has subject matter jurisdiction over the claim. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Federal courts are obliged to resolve questions pertaining to subject-matter jurisdiction before addressing the merits of a case." *Acosta-Ramírez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 18 (1st Cir. 2013). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject-matter jurisdiction. "A motion to dismiss an action under Rule 12(b)(1) . . . raises the fundamental

2

question whether the federal district court has subject matter jurisdiction over the action before it." *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (quotation marks omitted). On such a motion, the court must "credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi*, 620 F.3d at 54. The court "may also 'consider whatever evidence has been submitted.'" *Id.* (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This type of subject matter jurisdiction is known colloquially as "federal question jurisdiction." Pursuant to section 28 U.S.C. § 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). This type of subject matter jurisdiction is known as "diversity jurisdiction."

The party invoking the court's jurisdiction has burden of proving subject matter jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003). Plaintiff has not plead any facts which would support federal question jurisdiction. The complaint appears to attempt to assert a claim for professional negligence against Defendant,[1] which is a state law tort claim. *See Trask v. Campbell*, No. Civ. 06-30-P-S, 2006 WL 1030100, at *1 (D. Me. Apr. 14, 2006) (rec. dec. aff'd May 4, 2006).

---

[1] I will address below Defendants' challenge to the sufficiency of Plaintiff's allegations.

The Court could have diversity jurisdiction if the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Given the original amount of the alleged settlement ($290,000) and the amount Plaintiff allegedly recovered ($35,000), construing the complaint liberally and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has satisfied the amount in controversy requirement. *See Aversa v. U.S.*, 99 F.3d at 1209-10.

For Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff and Defendant must also have been citizens of different states on the date the complaint was filed. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir. 1979) ("Domicile at the time suit is filed is the test and jurisdiction once established is not lost by a subsequent change in citizenship."); *see also Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant."); *Garcia Perez v. Santaella*, 364 F.3d 348, 350-51 (1st Cir. 2004) (citing *Hawes* and stating that the "key point of inquiry is whether diversity of citizenship existed at the time the suit was filed").

Plaintiff did not include a jurisdictional allegation in the complaint. At the conclusion of the complaint and on the civil cover sheet filed with the complaint, however, Plaintiff listed his address as a Vermont address. On Section III, "Citizenship of Principal Parties," of the civil cover sheet, Plaintiff asserted that Defendant is a citizen of Maine. (Civil Cover Sheet, ECF No. 2.) In support of his argument that the Court lacks jurisdiction, Defendant cites Plaintiff's subsequent filings, which reflect addresses for him in Vermont and Maine (*see* ECF Nos. 9, 9-1) and Plaintiff's request, approximately four

months after the filing of the complaint, that the Court to use the Maine address. (Letter, ECF No. 11.)

"[T]he relevant standard is 'citizenship,' *i.e.* 'domicile,' not mere residence; a party may reside in more than one state but can be domiciled, for diversity purposes, in only one." *Lundquist v. Precision Valley Aviation, Inc*., 946 F.2d 8, 10 (1st Cir. 1991). While Plaintiff's citizenship at the time he filed the complaint in October 2020 is not entirely clear, according to the record at the time Plaintiff filed the complaint (i.e., Plaintiff's complaint and the civil cover sheet), Plaintiff was residing in Vermont and Defendant was a citizen of Maine. Accordingly, on the current record, dismissal based on a lack of jurisdiction is not warranted. Nevertheless, because the Court is obligated to confirm jurisdiction where a potential defect exists, *see United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016), further proceedings on the jurisdictional issue would be appropriate.

**B. Failure to State a Claim**

Defendant argues that dismissal is required for because Plaintiff has not pled a cause of action against Defendant nor articulated a claim for relief.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In its assessment of the motion, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)). To

overcome the motion, a plaintiff must establish that his allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Although Plaintiff did not specifically identify a legal theory, Plaintiff's complaint can be reasonably construed to assert a claim for professional negligence against Defendant. *See, e.g., Todd v. Maine*, No. 1:18-cv-00302, 2019 WL 259436, at *2 (D. Me. Jan. 18, 2019) (rec. dec. aff'd Feb. 4, 2019) (pro se plaintiff's complaint articulates no identifiable cause of action but may be construed to state claim pursuant to the Civil Rights Act, 42 U.S.C. § 1983). To state a claim for legal malpractice, a plaintiff must plead facts that demonstrate that "(1) the defendant breached a duty owed to the plaintiff to conform to a certain standard of conduct, and (2) the breach of that duty proximately caused an injury or loss to the plaintiff." *Allen v. McCann*, 2015 ME 84, ¶ 9, 120 A.3d 90 (internal quotation marks omitted). Plaintiff alleges that Defendant, without Plaintiff's consent, altered the terms of a settlement and, consequently, Plaintiff received substantially less

than he should have on his personal injury claim. Plaintiff's allegations constitute a plausible basis for a fact finder to conclude that Plaintiff breached his duty to Plaintiff and, as a result of the breach, Plaintiff suffered a loss. Plaintiff, therefore, has asserted an actionable claim.

**C. Sufficiency of Service**

Defendant argues that dismissal is appropriate because although he was served with a summons, he was not served with the complaint. When a party challenges service of process, the serving party must demonstrate that service was proper. *Villano v. Long Island Pipe Supply, Inc.*, No. 19-cv-808-LM, 2020 WL 1244929, at *2 (citing *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)). "A docketed return of service generally creates a rebuttable, prima facie presumption that service was sufficient." *Id.* (citing *Blair v. City of Worcester*, 522 F. 3d 105, 111 (1st Cir. 2008)).

Here, although the docketed return of service suggests that Plaintiff was served with the complaint and summons (Return of Service, ECF No. 18), Defendant's declaration and the declaration of the deputy sheriff who served Defendant (ECF No. 20-3) are sufficient to overcome the presumption of proper service and to establish that Plaintiff did not serve Defendant with a copy of the complaint.

"Where evidence establishes the insufficiency of service, courts enjoy broad discretion either to dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service, meanwhile retaining the case." *Id.* (citations omitted); *see also Ramirez De Arellano v. Colloides Naturels Int'l*, 236 F.R.D. 83, 85 (D.P.R. 2006) ("district courts possess broad discretion to dismiss the action or retain the

7

case and quash the service made on the defendant"). Given that Plaintiff served Defendant with the summons and thus Defendant received notice of the action and given that the defect in service is easily curable, dismissal is not warranted. Plaintiff should be allowed time to serve Defendant properly.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to dismiss. I also recommend that the Court quash the service of process and permit Plaintiff time to serve Defendant with a summons and a copy of the complaint. I further recommend that if proper service is completed, the Court establish a process for the parties to present a record for the Court to assess whether in fact diversity of citizenship existed at the time Plaintiff filed the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2021.